### FERRY v BROOKMIRE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9213.    Decided Feb 25, 1929

E A Binyon, Cleveland, for Ferry.
John Marshall, for Brookmire.

SULLIVAN, J.

The answer of the defendant denies negligence and alleges that the proximate cause of the injury was the negligence of plaintiff himself in failing to use the faculties of sight and hearing and in his failure to exercise ordinary care prior to and at the time of the collision upon the highway in the Village of Wickliffe, Lake County, Ohio, and in the adverting to **Section 6310-34 GC.** and on examination of the record we have come to the conclusion that we cannot support the contention that the violation of this statute is negligence per se, and that because thereof no liability ensued, and this for the reason that it could equally be claimed that the proximate cause was the dangerous speed of the automobile, for if it had been going slower and plaintiff continued his pace unchanged, it is obvious that no collision would have occurred and hence no injuries. This fact precludes the possibility of determining that a violation of the statute was the proximate cause of the injury even though it were unchallenged in the record. Upon examination of the record, however, we find no evidence bearing upon the exception which is noted in the section quoted which reads:

"except in cases where crossings or crosswalks are an unreasonable distance apart."

Aside from the question of proximate cause and the conflict in the testimony as to whether it was because of a violation of the statute or the speed of the automobile, it is our judgment that it was neces-

sary to incorporate in the record some evidence bearing upon the exceptions mentioned in the Section of the General Code above set forth.

The situation under discussion was submitted to the jury and it became the province of that tribunal to determine the question of proximate cause from all the facts and circumstances in the record, and the verdict appears to be in consonance with credible evidence in the record and about which there is scarcely any conflict, and we think in consonance with our conclusion that under the entire record substantial justice has been done and thus holding the judgment of the Common Pleas Court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.